UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER KHAIMOV,<br><br>Defendant. | **INFORMATION**<br><br>S7 22 Cr. 20 (PGG) |

### COUNT ONE
### (Conspiracy to Commit Bribery)

The United States Attorney charges:

1.  From at least in or about 2014 through at least in or about 2019, in the Southern District of New York and elsewhere, PETER KHAIMOV, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, KHAIMOV conspired with others to travel in interstate or foreign commerce and use the mail and any facility of interstate or foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of a bribery scheme, in violation of 18 U.S.C. § 1952(a)(3) and (b).

2.  It was a part and object of the conspiracy that PETER KHAIMOV, the defendant, and others known and unknown, would and did knowingly travel in interstate and foreign commerce and would and did knowingly use the mail and a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, a bribery scheme in violation of New York Penal Law §§ 180.05, 200.00, and 200.10, among others, whereby employees or agents of hospitals, the New York City Police Department (the "NYPD"), emergency

medical services, and other entities disclosed protected, confidential information of tens of thousands of motor vehicle accident victims in New York, New Jersey, and elsewhere in exchange for payment, and thereafter performed and attempted to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, and carrying on of such unlawful activity.

## Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. In or about 2015, PETER KHAIMOV, the defendant, and his co-conspirators supplied a runner ("Runner-1") approximately $200,000 so that Runner-1 could establish a call center to contact motor vehicle accident victims and steer them to medical clinics that were fraudulently owned and operated by KHAIMOV and his co-conspirators (the "No-Fault Clinics") for medical treatment.

   b. From in or about 2016 to in or about 2017, a co-conspirator of PETER KHAIMOV, the defendant, paid a physician ("Physician-1") without the consent of Physician-1's patients or employer in return for Physician-1 causing physicians located in the Bronx and White Plains to use pharmacies owned and controlled by KHAIMOV and his co-conspirators (the "No-Fault Pharmacies") to fill prescriptions for compound creams.

   c. On or about February 19, 2017, PETER KHAIMOV, the defendant, called the manager of a New York-based clinic and stated, in sum and substance, that he would put the

manager on "retainer" if the manager provided the No-Fault Pharmacies with prescriptions for "pharmacy work" and "supplies" from the manager's clinic.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Conspiracy to Commit Health Care Fraud)

The United States Attorney further charges:

4. From at least in or about 2014 through at least in or about 2021, in the Southern District of New York and elsewhere, PETER KHAIMOV, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, health care fraud, in violation of Title 18, United States Code, Section 1347.

5. It was a part and object of the conspiracy that PETER KHAIMOV, the defendant, and others known and unknown, would and did intentionally and knowingly execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items and services.

### Overt Acts

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

 a. Between in or about 2016 and in or about 2019, PETER KHAIMOV, the defendant, and his co-conspirators fraudulently billed insurance companies through a no-fault

clinic located in the Bronx, New York, that KHAIMOV and his co-conspirators unlawfully opened, owned, and maintained (the "Bronx Clinic").

(Title 18, United States Code, Section 371.)

## COUNT THREE
### (Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

7. From at least in or about 2014 through at least in or about 2021, in the Southern District of New York and elsewhere, PETER KHAIMOV, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii).

8. It was a part and object of the conspiracy that PETER KHAIMOV, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which transactions affected interstate and foreign commerce and involved the use of financial institutions that were engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, the health care fraud offense charged in Count Two of this Information, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

9. It was further a part and object of the conspiracy that PETER KHAIMOV, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct

and attempt to conduct such financial transactions, which transactions affected interstate and foreign commerce and involved the use of financial institutions that were engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, the health care fraud offense charged in Count Two of this Information, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## Overt Acts

10. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. Between in or about 2016 and in or about 2019, PETER KHAIMOV, the defendant, and his co-conspirators caused the Bronx Clinic to make non-negotiable, illegal, and excessive fee payments to various entities for supposed "marketing" services, "billing" services, and "rent." In reality, KHAIMOV and his co-conspirators owned and controlled the entities the Bronx Clinic was making these payments to, and substantial portions of these payments were not for legitimate marketing, billing, or rent expenses but rather used to funnel the proceeds of the health care fraud conspiracy charged in Count Two of this Information to KHAIMOV and his co-conspirators.

(Title 18, United States Code, Section 371.)

## **FORFEITURE ALLEGATIONS**

11. As a result of committing the offense alleged in Count One of this Information, PETER KHAIMOV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all

property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

12. As a result of committing the offense charged in Count Two of this Information, PETER KHAIMOV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

13. As a result of committing the offense alleged in Count Three of this Information, PETER KHAIMOV, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Sections 981 and 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

*[signature]*

DAMIAN WILLIAMS
United States Attorney