UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

PETER KHAIMOV,

Defendant.

PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

S7 22 Cr. 20 (PGG)

WHEREAS, on or about November 15, 2023, PETER KHAIMOV (the "Defendant"), among others, was charged in a superseding Information, S7 22 Cr. 20 (PGG) (the "Information"), with conspiracy to commit bribery, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 371 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 371 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count

Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about November 15, 2023, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government;

WHEREAS, the Government has identified the following property as proceeds traceable to the offenses charged in Counts One and Two of the Information and/or property involved in the offense charged in Count Three of the Information: 407-409 Rockaway Avenue, Brooklyn, NY, USA 11212, more particularly described as Lots 161 and 162, Block 3489 in the records of Kings County, New York, and in the full legal description attached hereto as Exhibit 'A' (the "Specific Property");

WHEREAS, the Government seeks the forfeiture of the Defendant of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offenses charged in Counts One and Two of the Information and property involved in Count Three of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, PETER KHAIMOV, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

    5.  The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

    6.  Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

    7.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment in the amount of $40,000,000 (Dkt. 362).

    8.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

June 11, 2024
DATE

EXHIBIT A

(a) 407-409 Rockaway Avenue, Brooklyn, NY, USA 11212, more particularly described as Lots 161 and 162, Block 3489 in the records of Kings County, New York, being more particularly described as follows:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn and County of Kings, City and State of New York, bounded and described as follows:
> BEGINNING at a point on the easterly side of Rockaway Avenue, distant 250 feet southerly from the corner formed by the intersection of the easterly side of Rockaway Avenue with the southerly side of Glenmore Avenue;
> RUNNING THENCE easterly parallel with Glenmore Avenue, 100 feet 1 inch;
> RUNNING THENCE southerly parallel with Rockaway Avenue, 25 feet;
> RUNNING THENCE westerly parallel with Glenmore Avenue and part of the distance through a party wall, 100 feet 1 inch to the easterly side of Rockaway Avenue:
> RUNNING THENCE northerly along the easterly side of Rockaway Avenue, 25 feet to the POINT or PLACE of BEGINNING. (Parcel 1 – Lot 162)
> BEGINNING at a point on the easterly side of Rockaway Avenue1 distant 100 feet northerly from the corner formed by the intersection of the easterly side of Rockaway Avenue with the northerly side of Pitkin Avenue;
> RUNNING THENCE easterly parallel with Pitkin Avenue, 100 feet 1 inch;
> RUNNING THENCE northerly parallel with Rockaway Avenue, 25 feet;
> RUNNING THENCE westerly parallel with Pitkin Avenue and through a party wall, 100 feet 1 inch to the easterly side of Rockaway Avenue;
> RUNNING THENCE southerly along the easterly side of Rockaway Avenue, 25 feet to the POINT or PLACE of BEGINNING. (Parcel 2 – Lot 161)
> Being and intended to be premises conveyed by the deed dated 05/14/2014 and recorded on 05/20/2014 in CRFN 2014000173225 and by the deed dated 08/17/2004 and recorded on 09/03/2004 in CFRN 2004000554806